[No. 2406.]

QUINN ET AL. v. SILKA ET AL.

**Injunction—Action Upon Bond—Attorneys' Fees.**

Counsel fees incurred in resisting an application for a preliminary writ of injunction are not recoverable as an element of damages in an action upon an injunction bond.

*Appeal from the District Court of Gunnison County.*

Mr. D. T. SAPP and Messrs. BROWN & NOURSE, for appellants.

Mr. SPRIGG SHACKELFORD and Mr. S. D. CRUMP, for appellees.

GUNTER, J.

September 30, 1896, appellees were in possession of certain land and operating a coal mine thereon. Their right to possession was through a lease from The Baldwin Star Coal Company, the owner of the demised premises. Upon that date one Quinn sued out and had served upon appellees a writ of injunction enjoining them from operating the mine pending the writ. On the application of appellees

September 29, 1899, the writ of injunction was dissolved. October 16, 1899, they sued the principal and sureties upon the injunction bond for damages sustained through the issuance of the writ and had verdict and judgment for $700.00. Therefrom is this appeal.

This case was argued with *Quinn et al. v. The Baldwin Star Coal Company,* No. 2405, decided at the present term of this court, *ante,* p. 497, and the questions therein ruled are decisive of this appeal. Under such decision The Baldwin Star Coal Company was the owner of the demised premises September 30, 1896, and at the time of the making of the said lease. Appellees were at the time of the service of the writ in possession and entitled to the possession of said premises under said lease. They ought to recover upon the injunction bond damages, but only such as were the direct and proximate result of the service of the writ of injunction. Counsel fees incurred in resisting the application for a preliminary writ of injunction were allowed as an element of such damages. This was error necessitating a reversal of this case.—*Quinn et al. v. The Baldwin Star Coal Company, supra.*

Judgment reversed.                    *Reversed.*